# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donna Hodge, et al. (see attached)

### DEFENDANTS
Andrew M. Cuomo, et al (see attached)

**(b)** County of Residence of First Listed Plaintiff: **QUEENS AND KINGS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **QUEENS**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James M. Kernan, Esq., Kernan Professional Group, LLP, 19th Floor, New York, N.Y. 10004

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [x] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §1001 et al, 42 U.S.C. §2000e-2, 42 U.S.C. 1983, 1981, 1985, 1st, 5th and 14th Amendments to the US Constitution

Brief description of cause:
a constructive trust, restitution, and disgorgement pursuant to §502 of 29 U.S.C. § 1132, 42 U.S.C. 1981, 1983 and 1985, 42 U.S.C. 2000e-2

## VII. REQUESTED IN COMPLAINT:
- [x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: See attached
DOCKET NUMBER: See attached

DATE: 03/15/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, **James M. Kernan**, counsel for **All Plaintiffs**, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,
- ☐ the complaint seeks injunctive relief,
- ☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

N/A

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017

UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donna Hodge, Annette Hall, Karen Grant Williams, Alexi Arias, Albert E. Percy, Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representative,<br>                                   Plaintiff,<br>-against-<br>ANDREW M. CUOMO as Governor of the State of New York; STATE OF NEW YORK; ROBERTA REARDON as Commissioner of the New York State Department of Labor; NEW YORK STATE DEPARTMENT OF LABOR;<br>               Defendants from SDNY 73-cv-04279,<br><br>Linda A. Lacewell as Superintendent of Insurance of the State of New York Department of Financial Services, Martha Lees as General Counsel of the Department of Financial Services, Carolyn Robinson, Supervisor with the New York State Department of Labor, Dr. Merryl H. Tisch, Chairman of the State University of New York Board of Trustees, the State University of New York, Scott Dietrich and Peter Fountas of the Research Foundation of the State University of New York, Howard A. Zucker, M.D., as the Commissioner of the State of New York Department of Health, Basil Seggos as the present Acting Commission of the New York State Department of Environmental Conservation, Jeremy Attie, Ziv Kimmel, Vincent Licause Officers of the New York Compensation Insurance Rating Board,<br>             State Officer Defendants,<br><br><br>Allstate Administrators, LLC, d/b/a Allstate ASO; Gary Baker; Broad Coverage Services, Inc.; Christopher Buckey; Michael Camilleri; Cullen and Dykman; Dynamic Claim Services, Inc; Eagle North, LLC; Wolf Eisenbach; Grandview Brokerage; Jon Halpern; Chaim Hirsch; Ben Landa a/k/a Benjamin Landa; Lipsium Benheim; Ira Lipsius; Isaac Muller; Philipson Family Trust; Avi Philipson, Deborah Philipson; Samuel Schlesinger; Michael Schremer; Martin Schwartzman; Michael Schweimmer; Spencer Street Realty; Standard and Preferred Insurance Company; Joseph Stern; The Berkshire Group. Inc.; The Pitterman Family Trust; The Schlesinger Family Trust; Stella M. Vilardi; Israel Weber; Raphael A. Weitzner; Whiteman Osterman & Hanna, Israel Ziegelman;<br>          Party-in-Interest Defendants, | **CAPTION RIDER** `<br><br><br><br><br><br>A PRIVATE ATTORNEY GENERAL ACTION |

2

Gabor Adler; George Adler; Kwame Amoafo-danquah; Agnes Arnestein; Anthony Bacchi; Matthew Barbara; Paul Barbara; Aaron Becher; Pola Becher; Hershel Bedansky; Howard Belford; Scott Bialick; Robert Bleier; David Bloom; Paula Bokow; Joel Brach; Natan Brach; Barry Braunstein; Murray Bresky; Steven Brown; Philip Buchsbaum; Richard Bursek; Richard Busell; Colin C. Hart; Ira Cammeyer; Alan Chopp; Joshua Chopp; David Cohen; David Crytryn; David Dachs; Solomon Eidlisz; Neil Einhorn; Scott Einiger; Abraham Eisen; Sam Eisen; Steve Eisman; Ignatius Elefant; Philipson Family Trust; Martin Farbeblum; Benjamin Farbenblum; Ed Farbenblum; Edward Farbenblum; Martin Farbenblum; Michael Farbenblum; Esther Farkovits; Jordan Fensterman; Lori Fensterman; Robert Fensterman; Staci Fensterman; Samuel Ferrara; Mayer Fischl; Benjamin Fishoff; Patrick Formato; John Francher; David Freid; Moshe Freilich; Andrew Freundlich; Sigmund Freundlich; Leo Friedman; David Gast; Louis Gellis; William Gillick; Rivky Goldberger; Leon Goldenberg; Jeffrey Goldstein; Anne Gottlieb; Miklows Gottlieb; Niklos Gottlieb; Solomon Green; Joel Greenberg; Eric Greenberger; Eli Greenspan; Steven Greenstein; Avrumi Grossman; Marton Guttman; Valarie Henry; Johanan Hirsch; Leopold Hirsch; Libe Hirsch; Ruth Hirsch; David Hoffman; Pinchos Hoffman; Pinchus Hoffman; Steven J Eisman; Anthony J. Bacchi; Jack Janklowicz; Leonard Janklowicz; Jack Janklowitz; Shorefront Jewish Geriatric Center; David Jones; Judith Jones; Mendel Kaff; Eric Kalt; Yoel Karpen; Miriam Karpf; Allen Kass; Martin Kass; Martin Katz; Shelley Katz; Shelly Katz; Manny Kaufman; Yosef Kaufman; Alan Kessler; Arnold Klapper; George Klein; Larry Klein; Eleanor Kluger; Robert Kolman; Dean Korlik; William Korn; Irina Kostesky; Howard Krant; Ephram Lahasky; Benjamin Landa; David Landa; Yechiel Landa; Nathan Landau; James Lapolla; Tibor Lebovich; Morty Lehasky; David Leifer; Barry Leistner; Chana Lerner; Michael Levitan; Rich Levitan; Teddy Lichtscein; Neuman Lj Partners; Isaac Madeb; Dovi Marc Faivish; Sam Mayerovitz; Girshas Minster; Neuman Mn Partners; Gavriel Mordechaev; Gabriel Mordechey; Sharyn Mukamal; Katherine Muller; Laurie Netzer; Leo Oberlander; Sander Oberlander; Milton Ostreicher; Susan Ostreicher; Irwin Peckman; Ben Philipson; Bent Philipson; Deborah Philipson; Robert Pines; Israel Pollak; Jacob Pollak; Natan Pollak; Renee Pollak; Sylvia Pollak; Theodore Pollak; Michael Pruzansky; Diana R.

Koehler; Jonathan Redner; Lawrence Reichenberger; Mark Reisman; Mayer Rispler; Brian Rosenman; Kenneth Rozenberg; Berish Rubenstein; Dina Rubenstein; Rivkie Rubenstein; Ira Rubin; Malky Saffran; Boruch Schepps; Pamela Schepps; Nat Scherman; Richard Schildron; Samuel Schlesinger; Jacob Schoenberger; Michael Schwartz; Leslie Shafrank; Henry Shayovitz; Agnes Shemia; Jeff Shemia; Alexander Sherman; Israel Sherman; Leah Sherman; Nat Sherman; Samuel Sherman; Warren Sherman; Hindy Sirkis; Moshe Sirkis; Alexander Skoczlas; Joseph Skoczylas; Tali Skoczylas; Dominic Spira Md; Jonathan Steinberg; Miriam Steinberg; Ronald Stern; Mariam Sternberg; Lorraine Takesky; Mitch Teller; Kenneth Tesslar; Kenneth Tessler; Aaron Unger; Unknown; Eila Vinitzky; Yuliya Vinokurova; Jeffrey Vogel; Sherman Vogel; Peggy Weberman; Philip Weberman; Toby Weinberger; Zoltan Weinberger; Regina Weinstock; Ari Weiss; Berish Weiss; Berry Weiss; Micahel Weiss; Michael Weiss; Robyn Weiss; Shlomie Weiss; Chaya Willinger; Robert Wolf; Peyman Younesi; Mark Zaffrin; Ephraim Zagelbaum; Kenneth Zitter; David Zohler;

                Owner Operator Defendants

Local 1199 of the Service Employees International Union

                Union Defendant,

Oriska Insurance Company,

                Carrier Defendant,

Rashbi Management, Inc.,

                Trust Defendant.

Oriska Corporation derivatively to the Carrier Defendant and by Subrogation to the Class,

                Derivative Defendant,

RELATED CASE STATEMENT

EASTERN DISTRICT OF NEW YORK
---

Donna Hodge, et al
v.
All American School Bus, et al.

Case No. 2:21-cv-01366-LDH-RER

Judge LaShann DeArcy Hall, presiding
Magistrate Judge Ramon E. Reyes, Jr,

---

EASTERN DISTRICT OF NEW YORK
---

Bay Park
v.
Bent Philipson, Avi Philipson and Deborah Philipson

Case No. 2:20-cv-06291-GRB-AKT

Nicholas G. Garaufis, presiding
Cheryl L. Pollak, referral

---

EASTERN DISTRICT OF NEW YORK
---

Oriska Corporation
v.
North Sea Associates, LLC et. al.

Case No. 2:21-cv-00454-JMA-ARL
Nicholas G. Garaufis, presiding
Cheryl L. Pollak, referral

---

EASTERN DISTRICT OF NEW YORK
---

Albert E. Percy
v.
Oriska Corp

Case No. 1:20-cv-06131-NGG-CLP
Nicholas G. Garaufis, presiding
Assigned to: Chief Magistrate Cheryl L. Pollak
(Consent to Magistrate filed)

---

1

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------

Oriska Corporation

v.

Bay Park Center for Nursing and Rehabilitation, LLC, et al.

Case No. 1:21-cv-00762-LJL
Assigned to: Lewis J. Liman, presiding

------------------------------------------------------------------------------

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------

Broad Coverage Service

v.

Oriska Insurance Company and Rashbi Management, Inc.

SDNY Case No. 1:20-cv-11108
Philip M. Halpern, presiding

--------------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------

Oriska Corporation

v.

Troy Operating Co., LLC (Diamond) et al.

Case No. # 1:21-cv-00106-MAD-DJS,
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral

--------------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------

Oriska Corporation

v.

Niskayuna Operating Co., LLC et al

Case No. #1:21-cv-00109-MAD-DJS
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral

------------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------

Oriska Corporation

v.

Highgate LTC Management, LLC et al

Case No. #1:21-cv-00104-MAD-DJS
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral

2

1.      This litigation consists of actions (the "Related Actions"), involving common questions of law and fact relating Employment Retirement Income Security Act ("ERISA") benefits. To date, the Related Actions have been filed in the Eastern District of New York, Northern District of New York and the Southern District of New York:

**EASTERN DISTRICT OF NEW YORK**

**EDNY Case No. 2:21-cv-01366-LDH-RER,**
Donna Hodge, et al. v. All American School Bus

**EDNY Case No. 2:20-cv-06291-GRB-AKT,**
Bay Park v. Bent Philipson, Avi Philipson and Deborah Philipson
State Action removed under this Case:

> SUPREME COURT   COUNTY OF NASSAU
> Bay Park v. Bent Philipson, et al.
> Index No. 609877/2019
> Oneida Index EFCA2020-001276

**EDNY Case No. 2:21-cv-00454-JMA-ARL,**
Oriska Corporation v. North Sea Associates, LLC et. al.
State Actions Removed under this Case:

> SUPREME COURT  COUNTY OF SUFFOLK
> Oriska Corporation, v. North Sea
> Index No. EFCA 621892/2019
> Oneida Index EFCA2020-001276
> ---------------------------------------------------------------------
> SUPREME COURT  COUNTY OF SUFFOLK
> Oriska Corporation v. Avalon
> Index No. EFCA2019- 621891
> Oneida Index EFCA2020-001276
> ---------------------------------------------------------------------
> SUPREME COURT  COUNTY OF KINGS
> Oriska Corporation v. Shorefront-Seagate
> Index No. EFCA2019-524009
> Oneida Index EFCA2020-001276
> ---------------------------------------------------------------------
> SUPREME COURT  COUNTY OF NASSAU
> Oriska Corporation v. Nassau Operating
> Index No. EFCA2019-615382
> Oneida Index EFCA2020-001276

--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Park Avenue
Index No. EFCA2019-61548
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF QUEENS
Oriska Corporation, v. New Surfside
Index No. EFCA2019-718651
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Pinegrove-Grace Plaza
Index No. EFCA2019-615372
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------

SUPREME COURT  COUNTY OF QUEENS
Oriska Corporation, v. Little Neck
Index No. EFCA2019-718647
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF QUEENS
Oriska Corporation v. Brookhaven
Index No. EFCA2019-71863
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Bayview Manor
Index No. EFCA2019-615286
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF RICHMOND
Oriska Corporation, v. Golden Gate
Index No. 33061-2019E
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Townhouse
Index No. EFCA2019-615360
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF BRONX
Oriska Corporation v. Eastchester
Index No. 33060-2019E
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF QUEENS

4

Oriska Corporation v. West Lawrence
Index No. EFCA2019-718683
Oneida Index EFCA2020-001276
---------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Garden Care
Index No. EFCA615390/2019
Oneida Index EFCA2020-001276
---------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Parkview Care
Index No. EFCA2019-615476
Oneida Index EFCA2020-001276
---------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF WESTCHESTER
Oriska Corporation v. White Plains
Index No. EFCA68230/2019
Oneida Index EFCA2020-001276
---------------------------------------------------------------------------
SUPREME COURT  COUNTY OF KINGS
Oriska Corporation v. Willoughby
Index No. EFCA2019-524028
Oneida Index EFCA2020-001276
-----------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF NASSAU
Oriska Corporation v. Woodmere
Index No. EFCA2019-615348
Oneida Index EFCA2020-001276

**EDNY Case No. 1:20-cv-06131-NGG-CLP**
Albert E. Percy v. Oriska Corp

## SOUTHERN DISTRICT OF NEW YORK

**SDNY Case No. 2:21-cv-00762-LJL,**
Oriska Corporation v. Bay Park Center for Nursing and Rehabilitation, LLC, et al.
State Actions Removed under this Action:

SUPREME COURT  COUNTY OF BRONX
Oriska Corporation v. Baypark
Index No. EFCA2019- 33547
Oneida Index EFCA2020-001276
-----------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF BRONX
Oriska Corporation v. Eastchester
Index No. 33060-2019E

5

    Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF BRONX
Oriska Corporation v. Kingsbridge
Index No. 33061-2019E
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF WESTCHESTER
Oriska Corporation v. NMC Acquisition
Index No. EFCA2019-68209
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF BRONX
Oriska Corporation v. Throgs Neck
Index No. 2019-33057-E
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------
SUPREME COURT  COUNTY OF WESTCHESTER
Oriska Corporation v. White Plains
Index No. EFCA68230/2019
Oneida Index EFCA2020-001276
--------------------------------------------------------------------------------

**SDNY Case No. 1:20-cv-11108**
SUPREME COURT  COUNTY OF ROCKLAND
Broad Coverage Service v. Oriska Insurance Company and Rashbi Management, Inc.
Index No. 034480/2013

## NORTHERN DISTRICT OF NEW YORK

**NDNY Case No. # 1:21-cv-00106-MAD-DJS,**
Oriska Corporation v. Troy Operating Co., LLC (Diamond) et al.
State Actions Removed under this Action:

    SUPREME COURT  COUNTY OF RENSSELAER
    Oriska Corporation v. Troy Operating
    Index No. EFCA2019-264821
    Oneida Index EFCA2020-001276

**NDNY Case No. #1:21-cv-00109-MAD-DJS,**
Oriska Corporation v. Niskayuna Operating Co., LLC et al
State Case Removed under this Action:

    SUPREME COURT  COUNTY OF SCHENECTADY
    Oriska Corporation v. Niskayuna
    Index No. EFCA2019-2470

Oneida Index EFCA2020-001276

**NDNY Case No. #1:21-cv-00104-MAD-DJS,**
Oriska Corporation v. Highgate LTC Management, LLC et al
State Case removed under this Action:

> SUPREME COURT  COUNTY OF SCHENECTADY
> Oriska Corporation v. Highgate-Northwoods
> Index No. 2019-2469
> Oneida Index EFCA2020-001276

## BACKGROUND

2. The benefits at issue include, among other benefits as enumerated in 29 U.S.C. §1003 of ERISA, training and apprenticeship to acquire skills as a right and a fact of equal employment opportunity. The benefits were denied the employee Class under a plan ("Plan") sponsored by Employer Defendants under a program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program of 24 hour protection for employees, established under 29 U.S.C. §1003 of ERISA as an "employee benefit plan". The Plan was sponsored by identified Employer Defendants, as a welfare plan.

3. The Employer Defendants' failure to provide benefits is the direct and proximate cause of the tragedy occurring in the Employer Defendants nursing home and healthcare facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic, and is the direct proximate cause of the damage to the Class of employees, to patients in facilities, as well as exposing the general public; all traceable to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

4. The Class in commencing this action, asserts it is the real party -in-interest involving federal questions that are "completely preemted" by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

5. A motion made by Plaintiff in Intervention to intervene in an action pending in Nassau County Supreme Court Index 609877/2019 was granted by Order attached hereto as Exhibit "1". Plaintiff in Intervention commenced its civil action in intervention naming the Class Plaintiff as the real party in interest, filing an Amended Complaint in Intervention on December 28, 2020, Exhibit "2".

6. In this action, the benefits sought to be recovered are under a Plan established by the same employers identified as Employer Defendants in Supreme Court Index 09877/2019 removed from Nassau County to EDNY Case 20-cv-06291. Virtually all of the employee Class in the Removed Action work and reside in Kings, Queens and Nassau Counties in the Eastern District of New York. Management of the Class is critical to dispense justice for all parties. Related class action 20-cv-06131 pending in the Eastern District of New York relates to unlawful employment practices.

7. The Class Plaintiff is entitled to recover benefits covered by the Employment Retirement Income Security Act ("ERISA"). The Action demonstrates an Alternative Employment Practice, under subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The denial of the Alternative Employment Practice by the Employer Defendants as set forth in the Removed Action, is directed at disadvantaged persons based upon race and color as permitted proof on a 42 U.S.C. 2000 e-2 action. The Employer Defendants are liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

8. The failure to adopt the Alternative Employment Practice is the direct and proximate cause of the tragedy that occurred in the Employer Defendants' nursing home and Health Care facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic. The proximate cause of the damage to the Class as well as to patients and the general public can be traced to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets. It is respectfully requested that this Action be treated as a related case to Eastern District of New York Cases 21-cv-00454, 20-cv-06291 and 20-cv-06131.

9. The cases demonstrate an alternative employment practice, under subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The denial of the Alternative Employment Practice by the Employer Defendants injures disadvantaged persons prompting an action under 42 U.S.C. 2000 e-2. The Employer Defendants are liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

10. Moreover, recovery is sought under 42 U.S.C. 1981 and 1985 for acts of the Employer Defendants, the Owner Operator Defendants and the Prohibited Transaction Defendants, in concert with New York State Officer Defendants under color of law in violation of 42 U.S.C. 1983. The 42 U.S.C. 1983 causes of action involve denial of equal protection and due process of law under the 1st, 5th and 14th Amendments to the United States Constitution for denial of equal protection and due process of laws, and for denial of right of assembly, as well as violation of 42 U.S.C. 2000e-2 for refusal of the Employer Defendants to adopt and implement the Program as an Alternative Employment Practice.

11. Further, there is a related class action 20-cv-06131 pending in the Eastern District of New York regarding unlawful employment practice for failure to adopt a less

discriminatory alternative method of employment practice ("Alternative Employment Practice").

12. The State of New York is implicated in all of these cases by the failure of Executive Order 45 )9 NYCRR 3.45), and complicity in the wrongful acts of the Employer Defendants, the Owner Operator Defendants, and the Prohibited Transaction Defendants, as a causes of action in favor of the Class for damages for violation of 42 U.S.C. 2000 e-2, 42 U.S.C. 1981, 1983, and 1985, under the 1st, 5th and 14th Amendments to the United States Constitution, for denial of equal protection and due process of laws, and for denial of right of assembly as recited in the Removed Action.

13. The violation of ERISA by failing to provide benefits, the failure to adopt the Alternative Employment Practice, the diversion, conversion and embezzlement of ERISA plan assets by prohibited transactions, is the direct and proximate cause of the tragedy that occurred and is occurring in the Employer Defendants' nursing home and Health Care facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic. The proximate cause of the damage to the Class as well as to patients and the general public can be traced to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

**ARGUMENT**

14. Transfer of the cases identified in this Application to one forum is essential so that they may be coordinated or consolidated for pretrial proceedings. This is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judges in the federal judicial districts in which the Related Actions have been filed. Coordination is appropriate both to maximize convenience and efficiency in discovery based on the common factual allegations, and

also to avoid inconsistent rulings. Thus, transfer and coordination or consolidation will further the convenience of the parties and witnesses and promote efficiency and judicial economy.

15. The most appropriate forum for transfer and coordination or consolidation is the Eastern District of New York. Supporting transfer and coordination or consolidation in the Eastern District of New York are the following factors: (1) A large portion of the Class is in Queens, Kings and Nassau Counties and that the Class has been subjected to acts that have transpired in the Eastern District of New York, making it likely that evidence and witnesses relevant to the related actions will be located within the Eastern District of New York; (2) the Court in the Eastern District of New York has the requisite experience and is well-equipped to preside over this multidistrict litigation.

16. Central to the Panel's consideration of transfer are the goals of eliminating duplicative discovery, avoiding conflicting rulings and schedules, and minimizing burdens on the parties, witnesses, and courts. See Manual for Complex Litigation (Fourth) § 20.131 (2004); In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969).

**The Related Actions Involve Common Questions of Fact**

17. To be consolidated under 28 U.S.C. §1407(a), all cases are required to have common questions of fact. 28 U.S.C. § 1407(a). The Related Actions focus on the same alleged misconduct by Defendants. Common questions of fact of substantially overlapping factual allegations and legal issues merit transfer and coordination or consolidation.

18. The Related Actions meet §1407's Standards for Coordination and Consolidation of Pretrial Proceedings.

11

19. The Multidistrict Litigation statute allows for coordination and consolidation of civil actions in difference federal district courts where they involve common questions of fact, where consolidation is convenient for the parties and witnesses, and when it will promote the just and efficient conduct of the consolidated actions. 28 U.S.C. § 1407(a). The cases currently pending should transferred for coordination and consolidation of pretrial proceedings. The Eastern District of New York is the most appropriate forum for such transfer.

20. Accordingly, the Related Actions should be coordinated or consolidated in the Eastern District of New York pursuant to 28 U.S.C. §1407.

## CONCLUSION

For the foregoing reasons, completion of the pre-trial proceedings in the Eastern District of New York, will the most appropriate forum, together with such other and additional relief as to the Court may seem just and proper.

Respectfully submitted this day of March 17, 2021

James M. Kernan, Esq.
KERNAN PROFESSIONAL GROUP, LLP

_____
By: s/James M. Kernan
Bar Roll No. JK1242
Office and Post Office Address
26 Broadway, 19th Floor
New York, New York 10004
Telephone: (212)986-3196
Facsimile: (212)656-1213
Email: jkernan@kernanllp.com